**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL CHARLES WARD,

      Petitioner,                   Civil No. 2:07-CV-11800
                                       HONORABLE ARTHUR J. TARNOW
v.                                   UNITED STATES DISTRICT JUDGE

CAROL HOWES,

      Respondent,
_____/

### OPINION AND ORDER OF SUMMARY DISMISSAL

Michael Charles Ward, ("petitioner"), presently confined at the Lakeland

Correctional Facility in Coldwater, Michigan, seeks the issuance of a writ of habeas

corpus pursuant to 28 U.S.C. § 2254. In his habeas application, filed *pro se*, petitioner

challenges his 1983 conviction for conspiracy to deliver between 50 and 225 grams of

cocaine, M.C.L.A. 750.157(a); M.C.L.A. 14.15 (7401)(2)(a)(iii). For the reasons stated

below, the petition for writ of habeas corpus is summarily dismissed.

### I. Background

Petitioner was convicted of the above offense following a bench trial in the

Ingham County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v.*

*Ward,* 133 Mich. App. 344; 351 N.W. 2d 208 (1984); *lv. den.* No. 60310 (Mich.Sup.Ct.

September 25, 1985).

Petitioner subsequently brought a post-conviction motion for relief from judgment

pursuant to M.C.R. 6.500, *et. seq.* The trial court granted petitioner's motion for relief

from judgment and ordered that petitioner's 1983 conviction for conspiracy to deliver

between 50 and 225 grams of cocaine be vacated. *People v. Ward,* No, 79-29631-FY

(Ingham County Circuit Court, September 15, 2005). The prosecutor did not appeal the

trial court's ruling. Although the Ingham County Circuit Court judge vacated petitioner's

conviction, he did so without first conducting a hearing pursuant to *Franks v. Delaware,*

438 U.S. 154 (1978) to determine the veracity of the information used to obtain the

search warrant in petitioner's case. Petitioner appealed the trial court's failure to

conduct a *Franks* hearing, which was denied. *People v. Ward,* No. 272540

(Mich.Ct.App. September 8, 2006); *reconsideration den.* October 25, 2006); *lv. den.* 477

Mich. 1032, 727 N.W. 2d 615 (2007).

Petitioner now seeks the issuance of a writ of habeas corpus on the following

grounds:

> I. Notwithstanding the conviction was vacated in Ingham County, the "collateral"consequences of evidence seized in Ingham County pursuant to an affidavit and search warrant for petitioner Ward's vehicle in Ingham County [upon deliberate falsehood and/or reckless disregard for the truth of the police/affiant]; due process required the Ingham County Circuit Court to make a ruling under the standard of *Franks v. Delaware;* given the Ingham County Circuit Court has sole venue/jurisdiction to make such a ruling; and but for the evidence seized from the vehicle, there could not have been an arrest/conviction in a related case in Washtenaw County, upon which petitioner remains incarcerated.

> II. Trial & appellate counsel, to petitioner's prejudice, rendered ineffective assistance, under US Const., Am. 6, 14, and *Strickland v. Washington,* 466 U.S. 668 (1984); *Kimmelman v. Morrison,* 477 U.S. 365 (1986).

## II. Discussion

Petitioner's habeas petition must be dismissed, because his claims have been mooted by the fact that his conviction was vacated by the Ingham County Circuit Court on post-conviction review.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). An incarcerated habeas petitioner's challenge to the validity of his or her conviction satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury which can be redressed by the invalidation of the conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some "collateral consequence" of the conviction -- must exist if the suit is to be maintained in federal court and not considered moot. *Id.* When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the Federal constitution. *See Ayers v. Doth,* 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986).

3

Petitioner's challenges to his 1983 conviction have been rendered moot by virtue of the fact that the Ingham County Circuit Court vacated petitioner's conviction on post-conviction review, which is the most relief that this Court could grant in petitioner's case. *See Hayes v. Evans,* 70 F. 3d 85, 86 (10th Cir. 1985); *McFall v. Rees,* 786 F. 2d 1165 (Table); 1986 WL 16539, * 1 (6th Cir. February 6, 1986); *Cumbo v. Eyman,* 409 F. 2d 400 (9th Cir. 1969).

In addition, the language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook ,* 490 U.S. 488, 490-91 (1989). A habeas petitioner is no longer "in custody", for purposes of a conviction imposed, after the sentence on that conviction has fully expired, even if that conviction is being used to enhance a subsequent sentence. *Id.* at 492-93. The exception is where the habeas petitioner's challenge to an expired conviction that is based on a violation of the Sixth Amendment right to counsel and which is being used to enhance a sentence for which he is currently in custody. *Id.* at 493-94.

In *Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 403-04 (2001), the Supreme Court held that once a state conviction is no longer open to direct or collateral attack in its own right because the petitioner failed to pursue those remedies while they were available (or because he or she did so unsuccessfully), the conviction may be regarded as conclusively valid. Therefore, if that conviction is later used to enhance a criminal sentence, a habeas petitioner generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was

unconstitutionally obtained. *Id.* However, the Supreme Court recognized an exception to the general rule for § 2254 petitions for challenges to an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel for the petitioner in violation of the Sixth Amendment. *Id.* at 404. The Supreme Court noted that the "'failure to appoint counsel for an indigent [is] a unique constitutional defect ... ris[ing] to the level of a jurisdictional defect,' which therefore warrants special treatment among alleged constitutional violations". *Lackawanna,* 532 U.S. at 404 (*quoting Custis v. United States,* 511 U.S. 485, 496 (1994)). Therefore, when "an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate". *Id.; See also Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 827 (E.D. Mich. 2004).

Petitioner asks this Court to construe his habeas challenge to his vacated 1983 conviction as being directed against his 1981 conviction out of the Washtenaw County Circuit Court for possession with intent to deliver over 650 grams of cocaine, for which he remains incarcerated. Petitioner claims that but for the evidence that was illegally seized in the Ingham County case, the police would have been unable to obtain a search warrant to enter petitioner's motel room in Washtenaw County and seize the cocaine that lead to petitioner's conviction for possession with intent to deliver over 650 grams of cocaine in the Washtenaw County Circuit Court.

Petitioner's case does not fall within any exception espoused by *Lackawanna*.

5

First, petitioner's 1983 conviction was not obtained in the absence of counsel, as

petitioner was represented by counsel during the 1983 case. *See White v. Kapture,* 42

Fed. Appx. 672, 674 (6th Cir. 2002)(*citing Lackawanna*, 532 U.S. at 404). Secondly,

petitioner had an available forum for review of his prior convictions, of which he availed

himself, in that he sought, and obtained, post-conviction relief. *Id.* (citing *Lackawanna*,

532 U.S. at 405-06). Finally, petitioner does not allege that his sentence on his 1981

possession with intent to deliver cocaine conviction was enhanced in any way by his

vacated conviction, therefore, he does not satisfy the custody requirement for habeas

review. *See Harvey v. Shillinger*,76 F. 3d 1528, 1537 (10th Cir. 1996).

### III. <u>ORDER</u>

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus **IS**

**DISMISSED WITH PREJUDICE.**

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: June 11, 2007

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 11, 2007, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary